## In re RICHMAID CREAMERIES, Inc.
### No. 28563—C.

District Court, S. D. California, Central Division.

Dec. 7, 1937.

U. S. Webb, Atty. Gen., and John O. Palstine, Deputy Atty. Gen., for claimants.

David Schwartz, of Los Angeles, Cal., for trustee of Richmaid Creameries, Inc.

COSGRAVE, District Judge.

The debtor, Richmaid Creameries, filed its petition for reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, on September 16, 1936, and on the same day a temporary trustee was appointed. The latter continued either as temporary or permanent trustee until January 20, 1937, when L. Boteler was appointed liquidating trustee in bankruptcy, and he thereupon took over the affairs of the corporation.

The trustee did not file the return of the tax required by the Social Security Act, 42 U.S.C. 1105(b), 42 U.S.C.A. § 1105(b) on January 31, 1937, nor at any time at all. The bankrupt organization was subject to the tax.

Within thirty days after January 20, 1937, however, the trustee requested the State Unemployment Reserves Commissioner of the State of California to file a claim for taxes owing under the California Unemployment Reserves Act, St.1935, p. 1226. This the commissioner failed to do until April 30, 1937, at which time he filed his claim which covered a period of the operation of the bankrupt corporation from January 1, 1936, to September 16, 1936, and the trustee thereupon paid the amount of this claim.

The Collector of Internal Revenue, in default of the filing of a return on behalf of the corporation on January 31, 1937, as

required by the Social Security Act, 42 U.S.C., 1105(b), 42 U.S.C.A. § 1105(b), did himself have prepared and filed a return on form 940 as provided by Revised Statutes 3176, 26 U.S.C. § 1512, 26 U.S.C. A. § 1512. The date of the filing of this return is not shown except that it was filed before the payment of the tax to the State Commissioner on April 30, 1937. The trustee did not object to the amount of the tax claimed by the Collector of Internal Revenue. The Collector filed a claim with the Bankruptcy Trustee on May 12, 1937, for the amount due as of January 31, 1937, as shown by his return on form 940.

The trustee having made the payment to the State Unemployment Reserves Commissioner on April 30, 1937, objects to the claim filed by the Internal Revenue Collector and contends that if he is compelled to pay it, it will be in violation of the Bankruptcy Act, Section 57J, 11 U.S.C.A. § 93(j), which provides that debts owing to the United States "as a penalty or forfeiture shall not be allowed * * *" and the referee has sustained the contention of the trustee. The Collector of Internal Revenue files exceptions to the holding of the referee.

The position of the Collector of Internal Revenue seems to be sustained by the express language of the Social Security Act, 42 U.S.C. § 1102, 42 U.S.C.A. § 1102, which provides that: "The taxpayer may credit against the tax imposed by section 1101 of this chapter the amount of contributions, with respect to employment during the taxable year, paid by him (before the date of filing his return for the taxable year) into an unemployment fund under a State law."

The Social Security Act has been fully discussed in the decision of the United States Supreme Court sustaining its constitutionality handed down on May 24, 1937, Chas. C. Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293, and in the further opinion of the same date, Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327, where the Unemployment Compensation Act of the State of Alabama, Gen. Acts Ala.1935, p. 950, as amended, an act comparable to the California Unemployment Reserves Act, was in question.

When the filing of the return was due on January 31, 1937, the trustee had no deductible claim against the payment of the full tax that was then due. Such credit existed only in the event that he had before that time paid his tax under the state act in which event he could have deducted 90% of such tax from that due to the government. The tax which the Collector of Internal Revenue seeks to recover here was therefore on January 31, 1937, perfectly legal and was in no sense a penalty. When collected by the Bureau of Internal Revenue it is paid into the Treasury of the United States as internal revenue collections. 42 U.S.C. § 1105(a), 42 U.S.C.A. § 1105(a). The tax is not earmarked nor paid into any special fund. 42 U.S.C. 1105(a), 42 U.S.C.A. § 1105(a). Legal on January 31 as a tax, it cannot be converted into a penalty because the taxpayer, by failing to comply with certain required conditions, did not secure the benefit of allowable deductions. The permissible deduction, rather than a penalty, is a reward doubtless designed to encourage prompt payment into the fund established by the state. It is of the nature of permissible deductions from income and other taxes.

In the event, however, that the taxpayer fails to take timely advantage of this benevolence, I am unable to conclude that the tax itself thereby becomes a penalty.

The exceptions to the referee's report and decision are allowed, and the claim of the Collector of Internal Revenue is held valid.

Exception to the trustee.